# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

MARGARET A. BERTRAN,

        Debtor.

Case No. A12-00501-GS
Chapter 7

## MEMORANDUM ON MOTION FOR RELIEF FROM STAY

On November 9, 2012, the court held a final hearing on creditors William and Barbara Wackers' *Motion for Relief from Stay* (Docket No. 20). Jason Crawford appeared telephonically for the debtor. Erik LeRoy appeared for the Wackers. The court heard testimony from the debtor, Margaret Bertran, and Lawrence Martin, the realtor who has listed the parcels of real property at issue. Upon consideration of the pleadings, evidence and arguments presented, the court will GRANT the *Motion for Relief from Stay* for the following reasons.

On May 19, 2011, the Montana Fourteenth Judicial District Court, Musselshell County, entered judgment against the debtor, and in favor of William and Barbara Wacker, in the amount of $137,551.47 with interest ("the first judgment").[1] No payments have been made on this judgment. In a subsequent Montana state court action against the debtor and others, the Wackers obtained a second judgment avoiding transfers of two parcels of real

---

[1] See *Judgment,* Case No. DV-07-93, attached as exhibit to *Mot. for Relief from Stay* (Docket No. 20-1) at 1-2.

property in Montana.[2] The second judgment specifically provided that the first judgment "shall attach" to the two properties.[3] The two parcels cited in the second judgment are: (1) a 13 acre ranch with a residence co-owned by the debtor and her daughter, and (2) two adjacent commercial lots in Roundup, Montana owned solely by the debtor.[4] Further, the Wacker's motion asserts, and the debtor does not dispute, that under Montana law a judgment lien against the real property was created upon the entry of the first judgment.[5]

The debtor filed her chapter 7 petition on August 17, 2012. The Wackers moved for relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1) and based

---

[2] See *Judgment,* Case No. DV-11-66, attached as exhibit to *Mot. for Relief from Stay* (Docket No. 20-1) at 3-5.

[3] *Id*. at 4. A potential issue arose at the final hearing regarding the ownership of the two parcels. Debtor's Schedule A confirms that the debtor solely owns the commercial property. *Schedule A,* Docket No. 17 at 3. The ranch, however, is listed as being "owned jointly with Daughter Barbara in a revocable trust". *Id*. The Wackers supplemented the record with litigation title reports for the two properties. *See Creditors' Supplement to Record* (Docket No. 33). The litigation report shows that the debtor conveyed title to the ranch to the Toni Trust by warranty deed recorded on February 25, 2011. *Id*. at Exhibit, p. 4. This is the warranty deed specifically set aside in the second judgment. *Judgment,* Docket No. 20-1 at 4. As a result, title to the commercial properties revested in the debtor.

[4] The first parcel is legally described as:

> That part of the NE 1/4 of Section 20 and the NW 1/4 of Section 21, Township 10 North, Range 25 East, of the Principal Montana Meridian, Musselshell County, Montana, described as Tract 1A, of Certificate of Survey No. 1996-10RB on file in the office of the Clerk and Recorder of said County, under Document #243533.

The second parcel is legally described as:

> Lot 7 and 8, Block 5, of the Park Addition to the Townsite of Roundup, Musselshell County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said county.

[5] *Mot. for Relief from Stay* (Docket No. 20), at 2.

2

upon lack of equity under § 362(d)(1).[6] The debtor opposes relief from stay under either subsection on the grounds that a substantial equity cushion exists to protect the Wackers' claim. The chapter 7 trustee has not opposed the motion for relief from stay.

Section 362(d)(1) provides for relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."[7] The Bankruptcy Code does not define "cause" for purposes of § 362(d)(1), except to specifically include lack of adequate protection.[8] A secured creditor is not adequately protected if its collateral is depreciating during the term of the automatic stay.[9] The debtor bears the burden of proving that cause does not exist.[10] Here, the debtor contends that a substantial equity cushion adequately protects the Wackers' judgment. A significant equity cushion is a well recognized means of providing adequate protection.[11]

---

[6] Although their *Motion* also raised §§ 362(d)(3) and (d)(4) as alterative bases for relief from stay, the Wackers did not pursue these subsections at the final hearing. Subsection (d)(3) is inapplicable because it applies only in single asset real estate cases. Here, the debtor has an interest in separate and distinct properties, one residential and the other commercial. Subsection (d)(4), which hinges on proof of a scheme to delay, hinder or defraud creditors, is similarly inapplicable given the testimony and argument presented.

[7] 11 U.S.C. § 362(d)(1).

[8] Typically, cause is shown "through evidence of declining property values, the increasing amount of the secured debt through interest accruals or otherwise, the non-payment of taxes or other senior liens, failure to insure the property, failure to maintain the property, or other factors that may jeopardize the creditor's present position." *In re Anthem Communities/RBG, LLC,* 267 B.R. 867, 871 (Bankr. D. Colo. 2001); *see also In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 189-90 (Bankr. E.D. Ark. 2010).

[9] *United States Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 370 (1988).

[10] 11 U.S.C. § 362(g)(2).

[11] *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984)(equity cushion "is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court."); *In re The Lodge at Big Sky, LLC,* 454 B.R. 138, 144-45 (Bankr. D. Mont. 2011).

3

The existence of equity is also a critical factor under § 362(d)(2), which provides for termination of the stay upon proof that "the debtor does not have an equity in such property," and that "such property is not necessary to an effective reorganization."[12] As the debtor here has filed bankruptcy under chapter 7, reorganization is not a consideration and the inquiry is limited to whether there is equity in the properties.[13] By statute, the burden of proof as to this issue rests with the Wackers.[14]

The value of the properties, and the resulting equity (or lack thereof), is the dispositive issue under both subsections (d)(1) and (d)(2). Categorizing the burdens of proof between §§ 362(d)(1) and (d)(1) with regard to equity can become confusing and circular. At first blush, it appears the court is presented with a situation where both the debtor, by arguing adequate protection, and the Wackers, in seeking relief from stay, carry the same burden of proof on this issue. However, the movant always carries the initial burden of proof.[15] As one court has explained, even under § 362(d)(1), the movant must establish a *prima facie* case that its collateral is depreciating, or threatens to depreciate because of the stay.[16] In the instant case, the debtor's refusal, and inability, to make monthly payments to

---

[12] 11 U.S.C. § 362(d)(2).

[13] *In re J & M Salupo Dev. Co., Inc.,* 388 B.R. 809, 812-13 (Bankr. N.D. Ohio 2008).

[14] *See* 11 U.S.C. § 362(g)(1).

[15] *Panther Mountain,* 438 B.R. at 189.

[16] *Anthem Communities/RBG,* 267 B.R. at 871.

4

the Wackers constitutes a clear threat of harm, which triggers the debtor's burden to prove the Wackers are adequately protected, in this case by an equity cushion.[17]

The Wackers' *Motion* represents that the ranch has been listed for sale at $550,000.[18] Despite the listing price, the Wackers believe the value is actually between $250,000 and $300,000.[19] Because the debtor co-owns the ranch with her non-debtor daughter, the value of her interest would range between $125,000 to $150,000 according to the Wackers. The *Motion* also represents that the commercial lots, in which the debtor is the sole owner, were listed at $250,000.[20] The Wackers believe the true value of the commercial lots is much less, between $25,000 and $30,000.[21] Based upon the *Motion*, the total value of the collateral would be somewhere between $150,000 and $180,000. At the final hearing, the Wackers did not explain the basis for their valuations. Nor did they present evidence of the properties' market values.

The debtor valued the ranch at $500,000 in her schedules.[22] Based on her co-ownership of the ranch, the estate's interest would be limited to $250,000. The debtor

---

[17] *In re Salupo Dev. Co., Inc.,* 388 B.R. 809, 812 (Bankr. N.D. Ohio 2008) (chapter 7 debtor's inability to repay obligation warranted relief from stay where there was no equity in collateral); *In re Schuessler,* 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008)(failure to make mortgage payments constitutes "cause" to terminate the automatic stay "and is one of the best examples of a 'lack of adequate protection.'"); *In re Elmira Litho, Inc.,* 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994).

[18] *Mot. for Relief From Stay* (Docket No. 20), at 3.

[19] *Id*.

[20] *Id.*

[21] *Id*.

[22] *Schedule A* (Docket No. 17 at 3). Debtor values her half interest in the residence at $250,000.

5

testified that she purchased the ranch for $260,000 in 2006, and has made improvements to the property. The debtor scheduled her commercial lots at $200,000.[23] A debtor's valuation of her own property in her schedules is admissible evidence of valuation.[24] Using the scheduled values for the properties there would be roughly $350,000 in equity over and above the Wackers' judgment of $153,792.41.[25]

At the final hearing, the debtor called her listing agent, Lawrence Martin, to testify as to the value of the properties. The debtor listed the properties before this case was filed, and he has been attempting to sell the properties for the past six to nine months. Martin set the listing price for the ranch at $550,000 after discussing the value with the debtor and conducting some undetailed comparisons. The commercial properties were listed for $250,000. Mr. Martin believes that the commercial properties are situated in a prime commercial location in Roundup, Montana.

Mr. Martin has not received a single offer for either of the properties. Considering the lack of offers, he readily admitted that the listing prices did not accurately reflect current market value. Although pressed for an opinion of current market value, Mr.

---

[23] *Id.*

[24] *In re Shekard*, 386 B.R. 118, 130 (Bankr. E.D. Pa. 2008)(citing *In re Davis,* 17 B.R. 547, 548 (Bankr. W.D. Mo. 1982)).

[25] There are additional minor encumbrances against the properties that do not affect the equity analysis. *See Mot. for Relief from Stay* (Docket No. 20), at 3-4. Moreover, for purposes of adequate protection under § 362(d)(1), the question of equity excludes junior secured creditors. *Mellor*, 734 F.2d at 1400-01.

6

Martin declined to give one.  His testimony does not establish current market value for these properties, but it forcefully discredits the listing prices as evidence of current market value.

The court is left without any reliable evidence of value or equity in the properties.  As a result, determination of the *Motion* turns on burdens of proof.  Under § 362(d)(2), the Wackers had the burden of proving that no equity existed in the properties.  They have not presented any evidence as to value, and, therefore have not met their burden.  Section 362(d)(1), however, reverses the roles.  The Wackers have met their initial burden as movants by demonstrating the debtor's total lack of post-petition payments and her adamant refusal to make any payment on the judgment.  The debtor, therefore, bears the ultimate burden of proving adequate protection, through an equity cushion in this instance.[26]  Her own realtor repudiated and discredited the properties' listing prices as evidence of value.[27]  Having failed to prove the value of the properties and, by extension, any equity cushion, the debtor has failed to establish that the Wackers are adequately protected.  Absent evidence of adequate protection, cause exists to grant the Wackers relief from the automatic stay.[28]

For the foregoing reasons, the Wacker's *Motion for Relief From Stay* (Docket No. 20) will be GRANTED.  An order will be entered consistent with this memorandum.

---

[26] *In re Armenakis*, 406 B.R. 589, 621 (Bankr. S.D.N.Y. 2009)(citing *Elmira Litho*, 174 B.R. at 900).

[27] This is even without factoring in the realtor's testimony that the winter is the slow season for sales of real property in the area.

[28] *See Armenakis*, 406 B.R. at 621.

7

DATED: December 6, 2012.

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  J. Crawford, Esq.
E. LeRoy, Esq.
L. Compton, Trustee
U. S. Trustee

8