UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>MARGARET A. BERTRAN,<br><br>Debtor. | Case No. A12-00501-GS<br>Chapter 7 |

**MEMORANDUM ON MOTION TO AVOID LIEN**

On November 9, 2012, the court held an evidentiary hearing on debtor Margaret A. Bertran's *Motion to Avoid Lien* (Docket No. 23). Jason Crawford appeared for the debtor. Erik LeRoy appeared for William and Barbara Wacker. Larry D. Compton, the Chapter 13 trustee, also attended the hearing. The debtor moves pursuant to 11 U.S.C. § 522(f)(1)(A) to avoid the judgment lien entered in *Wacker v. Tangwall et al.*, Case No. DV 07-93 in the Montana Fourteenth Judicial District Court, Musselshell County. Judgment was entered on May 19, 2011, in favor of William and Barbara Wacker and against the debtor in the total amount of $137,551.47 with interest.[1] The judgment encumbers two parcels of real property in Musselshell County. One of the parcels is a 13 acre ranch with a residence on

---

[1] A copy of the *Judgment* in Case No. DV-07-93 is attached as an exhibit to the debtor's *Mot. to Avoid Judicial Lien* (Docket No. 23-1) at 1-2.

it.[2]  The debtor asserts this property is her homestead and exempt.[3]  The Wackers oppose the motion on the basis that the debtor has lived in Alaska during the relevant period of time, and cannot exempt the ranch under Montana law.[4]

Subsequent to entry of the money judgment, the Wackers filed a second Montana state court action to certain avoid transfers of real property, including a transfer of the ranch property from the debtor to the Toni 1 Trust by deed recorded on February 25, 2012.  On May 7, 2012, the Montana state court entered its *Judgment* against the debtor, and others, avoiding transfers of real properties, including the ranch.[5]  That *Judgment* provided that the Wacker's earlier money judgment would attach to the ranch property and specifically stated that "[a]ny declarations of homestead recorded against the properties are not applicable

---

[2] The ranch property is legally described as:

> That part of the NE 1/4 of Section 20 and the NW 1/4 of Section 21, Township 10 North, Range 25 East, of the Principal Montana Meridian, Musselshell County, Montana, described as Tract 1A, of Certificate of Survey No. 1996-10RB on file in the office of the Clerk and Recorder of said County, under Document #243533.

[3] Under Montana law, a debtor may exempt up to $250,000 in her residence as a homestead exemption.  MCS 70-32-104.  The debtor contends that Montana law governs her exemptions because she has not lived in Alaska continuously for the 730 days preceding her petition.  11 U.S.C. § 522(b)(3)(A).  The Wackers contend that the debtor's schedules demonstrate that she left Montana more than 730 days prior to her petition.  It is unclear exactly when the debtor moved her residence to Alaska.  For purposes of this *Motion*, the court assumes Montana law applies.

[4] A creditor may challenge lien avoidance without a prior objection to the debtor's underlying exemption.  *In re Gardner,* 417 B.R. 616, 621-22 (Bankr. D. Idaho 2009) (citing *Morgan v. Fed. Deposit Ins. Corp.,* 149 B.R. 147, 151-52 (B.A.P. 9th Cir. 1993)).

[5] A copy of the *Judgment* entered in *Wacker v. Toni 1 Trust, et al.,*, Case No. DV-11-66 (Mont. 14th Dist. Ct., Musselshell County), is attached as an exhibit to the debtor's *Mot. to Avoid Judicial Lien* (Docket No. 23-1) at 3-5.

2

due to the fact that Defendants do not reside on the premises."[6] The *Judgment* was final,[7] involved the same parties who are presently before this court, and clearly decided that the ranch was not the debtor's homestead as of May 7, 2012. Collateral estoppel precludes relitigation of this issue here.

"In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel."[8] Under Montana state law, collateral estoppel (or issue preclusion) applies where (1) the issue decided in the prior adjudication is identical to the one presented in the later action, (2) a final judgment on the merits was issued in the prior adjudication, and (3) the party against whom the claim is asserted was a party or in privity with a party to the prior adjudication.[9] All of these elements have been met in this instance. Giving the Montana *Judgment* full faith and credit, the ranch was not the debtor's homestead as of May 7, 2012.

The application of collateral estoppel does not completely resolve the *Motion*, however. The second Montana *Judgment* establishes that the debtor had abandoned the ranch as her homestead shortly before filing for bankruptcy. For bankruptcy purposes, a

---

[6] *Id.* at 4.

[7] The *Judgment* states that it was entered contemporaneously with the granting of summary judgment. *See Judgment* (Docket No. 20-1 at 3). The court therefore concludes that it is a final judgment on the merits.

[8] *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1057 (9th Cir. 1994).

[9] *Anderson v. State,* 817 P.2d 699, 701 (Mont. 1991).

3

debtor's homestead exemption is determined as of the petition date.[10] The debtor filed her chapter 7 petition on August 17, 2012. The question is whether the ranch was her homestead as of that date. In other words, did the debtor re-establish residence at the ranch in the three months between entry of the second Montana *Judgment* and the debtor's bankruptcy filing?

The debtor's testimony clearly reflects that as of the petition date she was a resident of Alaska. By that time, she had obtained an Alaska driver's license. The debtor applied for, and has received, the 2012 Alaska permanent fund dividend which is premised upon Alaska residency for the prior year. Her *Petition* identifies Alaska as her state of residency as of the date of her bankruptcy filing.[11] The *Statement of Financial Affairs* listed the Montana ranch as a premises that the debtor had occupied during the three years prior to the bankruptcy filing, "and vacated prior to the commencement of this case."[12] The debtor listed the dates of occupancy as "2006 - 7/2010."[13] Moreover, the debtor listed the Montana property for sale prepetition.[14] At the hearing, the debtor's counsel inquired whether she

---

[10] 11 U.S.C. § 541(a)(1); *Wolf v. Salvin (In re Wolf),* 248 B.R. 365, 367 (B.A.P. 9th Cir. 2000).

[11] *Voluntary Petition* (Docket No. 1) at 1 (listing Fairbanks North Star Borough as the debtor's "County of Residence," and HC10 M311, Fairbanks, AK as her street address).

[12] Docket No. 17, at 20.

[13] *Id*.

[14] Depending upon the circumstances, the listing of a house for sale can be evidence of a debtor's abandonment of and intent to terminate a homestead. *In re Anderson,* 2012 WL 1110056 at 7-8 (Bankr. D. Mont. 2012). *See also In re Vaughn*, 188 B.R. 234, 239-40 (Bankr. E.D. Ky. 1995); *In re Frederick*, 183 B.R. 968, 971 (Bankr. M.D. Fla. 1995). Considering the Montana state court's finding that the ranch was not the debtor's homestead, the sworn statements in the debtor's petition, schedules, and statements, and the fact that the debtor has received a 2012 Alaska permanent fund dividend, the listing of the house for sale weighs strongly against the debtor's claim that the Montana ranch is an exempt homestead.

4

might move *back* to the ranch. The debtor replied that she *might* move back "there" to be closer to her family.[15]

The debtor's *Petition*, *Statement of Financial Affairs*, and testimony clearly establish that, as of the petition date, she was an Alaskan resident and had not returned to her previously abandoned Montana homestead. The debtor's conjecture that she *might* want to return to Montana at some point in the future does not alter these findings. She has failed to establish a valid homestead exemption in the Montana ranch property encumbered by the Wackers' judgment lien. Absent a valid exemption impaired by a judgment lien, 11 U.S.C. § 522(f) is inapplicable.

For these reasons, the debtor's *Motion to Avoid Judicial Lien* will be DENIED. An order will be entered consistent with this memorandum.

DATED: December 6, 2012.

                                              BY THE COURT

                                              /s/ Gary Spraker
                                              GARY SPRAKER
                                              United States Bankruptcy Judge

Serve:  J. Crawford, Esq.
          E. LeRoy, Esq.
          L. Compton, Trustee
          U. S. Trustee

---

[15] It is unclear, given the listing of the ranch for sale, whether the debtor was referring to the ranch, or to Montana generally, when she made this statement.

5