1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ALASKA

In re:

MARGARET A. BERTRAN,

                       Debtor.

Case No. F12-00501-FC

MEMORANDUM DECISION RE:
1) TRUSTEE'S MOTION TO
DECLARE DONALD A. TANGWELL
A VEXATIOUS LITIGANT; AND
2) TANGWALLS' MOTION TO FIND
ALL JUDGMENTS, ORDERS, AND
MEMORANDUM VOID AB INITIO

12

     THIS MATTER came before the court[1] on April 5, 2017 for a hearing on

13

(1) the Chapter 7 Trustee's Motion to Declare Donald A. Tangwall, a Vexatious

14

Litigant and Require Pre-Filing Order for Him or His Entities to File any Pleadings;

15

and to Vacate Lis Pendens ("Trustee's Motion") [ECF Nos. 229-232, 235, 249 and

16

250] and Mr. Tangwall's opposition to the Trustee's Motion [ECF Nos. 233 and

17

247]; and (2) Donald and Barbara Tangwall's Motion to Find All Judgments,

18

19

20

---

[1] This matter was assigned to Frederick P. Corbit, United States Bankruptcy Judge for the Eastern District of Washington, pursuant to the Administrative Order Reassigning Case entered on March 20, 2017 [ECF No. 237].

Orders, and Memorandum Void Ab Initio ("Tangwall Motion") [ECF Nos. 245, 246 and 251] and the Chapter 7 Trustee's response thereto [ECF No. 248]. At the hearing, the court heard argument of (1) Donald and Barbara Tangwall; (2) Cabot Christianson, attorney for the Chapter 7 Trustee; (3) Larry D. Compton, the Chapter 7 Trustee; (4) Erik LeRoy, attorney for the Barbara and William Wacker; and (5) Jason Crawford, attorney for debtor Margaret A. Bertran. After hearing from the parties, the court continued the hearing until April 14, 2017 to allow Mr. Tangwall additional time to prepare for the hearing and supplement the record. Prior to the continued hearing, Mr. and Mrs. Tangwall filed supplemental materials [ECF Nos. 254, 256 and 260] and the Chapter 7 Trustee filed his responses to the supplemental materials [ECF Nos. 257 and 258].

At the continued hearing, the court heard argument of the parties referenced above and took the matters under advisement.

After reviewing the record, the arguments presented, and the applicable law, these matters are ready for decision. This court has original and exclusive jurisdiction of this bankruptcy case pursuant to 28 U.S.C. § 1334(a). This memorandum decision includes the court's findings of fact and conclusions of law. For the reasons set forth below, the court finds Mr. Tangwall is a vexatious litigant

and contemporaneously with this memorandum decision will enter an order granting the Trustee's Motion and denying the Tangwall Motion.[2]

## PROCEDURAL AND FACTUAL HISTORY

Mr. Tangwall has a history of filing frivolous documents, cases, and appeals. Mr. Tangwall's history with the courts began more than twenty years ago and spans essentially the entire United States. The procedural and factual history of this case is long and often convoluted due, in the most part, to Mr. Tangwall filing multiple motions, cases, and appeals on the same issue to different courts. Because the parties are familiar with the facts and procedural history, the court does not need to restate them in detail here except as necessary to explain its decision.[3]

Debtor, Margaret Bertran and her daughter, Barbara Tangwall, owned a parcel of property in Roundup, Montana ("the Ranch"). Donald Tangwall, Barbara Tangwall's husband, sued William and Barbara Wacker ("the Wackers") in Montana state court over a dispute concerning a trucking enterprise and a cattle trailer. The Wackers filed a third party complaint in that action against Ms. Bertran, the Tangwalls, and others to recover on a debt. While that suit was pending, Ms. Bertran and Ms. Tangwall transferred the Ranch, and Ms. Tangwall transferred a

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] *See* previous court summaries: ECF Nos. 37, 128, and 238.

MEMORANDUM DECISION . . . ~ Page 3

commercial property ("Montana Properties") by warranty deed to a purported trust called the Toni 1 Trust. On May 17, 2011, the Wackers obtained a judgment against Ms. Tangwall and Ms. Bertran in the Montana case (the "2011 Judgment"), in the amount of $137,551.47.[4] The Wackers then brought a fraudulent transfer suit in Montana state court under the Montana Uniform Fraudulent Transfer Act against the Toni 1 Trust. On May 7, 2012, the Montana state court entered an order, which held that the transfers of the Properties to the trust were fraudulent, set them aside, and permitted the Wackers to execute on the Properties (the "2012 Judgment").[5] The 2012 Judgment also expressly authorized the Wackers to sell the Properties at public auction and apply the proceeds to the judgment. No appeal was taken from either judgment. On July 17, 2012, the County Clerk for the Montana state court issued a writ of execution, and a notice of sale of the Properties by public auction was sent to Ms. Bertran and Ms. Tangwall. Debtor and Ms. Tangwall then filed a motion to quash the execution of the writ and a motion to set aside the 2012 Judgment with the Montana state court. The Montana state court denied both motions.

---

[4] *See* ECF No. 37; the Judgment, Case No. DV-07-93, attached as exhibit to *Mot. for Relief from Stay* (ECF No. 20-1) at pp. 1-2.

[5] *See* ECF No. 37; a copy of the Judgment entered in *Wacker v. Toni 1 Trust*, Case No. DV-11-66 (Mont. 14th Dist. Ct., Musselshell County), is attached as an exhibit to the debtor's *Mot. to Avoid Judicial Lien* (ECF No. 23-1) at pp. 3-5.

1    Both Ms. Bertran and the Tangwalls filed individual Chapter 7 bankruptcies in

2   the District of Alaska in an attempt to regain/retain possession of the Montana

3   Properties. Larry Compton was appointed as the Trustee in both cases. Relying on

4   the Montana fraudulent transfer judgment, Trustee Compton asserted ownership of

5   the two parcels in Montana in the Bertran case. Mr. Tangwall opposed the motion.

6   Mr. Tangwall, as trustee of the Toni 1 Trust, initiated an adversary proceeding

7   against the Trustee and the Wackers in the Alaska Bankruptcy Court (the

8   "Adversary Action"). Among other claims, Mr. Tangwall argued that service of

9   process on the Toni 1 Trust in the 2012 Montana fraudulent transfer case was so

10  defective as to make the 2012 Judgment against the Toni 1 Trust void. The

11  bankruptcy court agreed there might be concerns as to proper service on the trust.

12  Therefore, on June 12, 2013, Trustee Compton filed his own fraudulent transfer

13  counterclaim against Toni 1 Trust based on federal fraudulent transfer law instead of

14  attempting to convince the bankruptcy court that the Toni 1 Trust had been validly

15  served in the Montana lawsuit. During the pendency of the fraudulent conveyance

16  litigation in the bankruptcy court, Mr. Tangwall was ordered to produce the alleged

17  trust documents. The court also held that the Toni 1 Trust was required to appear

18  through an attorney and Mr. Tangwall could not file pro per papers or pleadings on

19  behalf of the Toni 1 Trust. Mr. Tangwall did not produce the trust documents,

20

MEMORANDUM DECISION . . . ~ Page 5

additionally, he continued to file and appear on behalf of the trust.[6] After many

hearings, the court held that "the two real property transfers [in Montana] were made

to keep the property out of the hands of the Wackers, who were on the verge of

obtaining a $137,000 judgment against the debtor," and that the real property

transfers thereby violated 11 U.S.C. § 548(a)(1)(A). Accordingly, the court entered a

final judgment holding that Ms. Bertran's conveyances of her interest in the

Properties were fraudulent and that the trustee's rights to Ms. Bertran's interest in

the Properties was superior to those of both Mr. Tangwall, as trustee of the Toni 1

Trust, and the Toni 1 Trust itself (the "2013 Final Judgment").[7] The 2013 Final

Judgment also dismissed the Adversary Action and held that Ms. Bertran's interest

in the Properties became the property of her bankruptcy estate. Mr. Tangwall, in his

capacity as trustee of the Toni 1 Trust, appealed this decision. He filed two appeals

to the Bankruptcy Appellate Panel ("BAP") on November 18, 2013, and on

December 2, 2013. The BAP dismissed both appeals as untimely. Mr. Tangwall then

appealed to the Ninth Circuit, which dismissed one of the appeals for failure to

perfect the appeal and one for being frivolous.

---

[6] The court notes that Mr. Tangwall appeared pro se, both on behalf of himself and the trust. The reason was not because he could not get an attorney because none were available, but rather, because Mr. Tangwall believed he could not find a "competent lawyer who understands a common law trust." *See* Adversary 12-90037; ECF Nos. 42 and 62.

[7] *See* Adversary Case No. 12-90037; ECF No. 68.

1    The Trustee then filed a motion seeking an order permitting him to sell the

2    bankruptcy estate's half interest in one of the Montana Properties (Ranch property).

3    The Wackers joined in the motion, so that the entire Ranch property was the subject

4    of the motion. A hearing on the motion was held on June 6, 2016. The Tangwalls,

5    the Trustee, and his attorney, and attorney Eric LeRoy for the Wackers all attended

6    the hearing. On June 7, 2016, the bankruptcy court granted the Trustee's motion (the

7    "Order Approving Sale") and made the following findings: (1) the bankruptcy court

8    has subject matter jurisdiction over the trustee's motion as it constitutes a core

9    proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N); (2) the bankruptcy court

10   has personal jurisdiction over Donald Tangwall, both in his individual capacity and

11   as the "alleged trustee of the Toni 1 Trust"; (3) the bankruptcy court has personal

12   jurisdiction over the Toni 1 Trust; (4) the bankruptcy court has personal jurisdiction

13   over Barbara Tangwall and Margaret Bertran; (5) the trustee may sell the bankruptcy

14   estate's 50% undivided interest in the Ranch by auction; (6) because the Wackers

15   joined in the trustee's motion, the sale of the Ranch shall be for the Ranch as a

16   whole; (7) proper notice of the motion had been given to all parties involved in the

17   Bertran bankruptcy proceedings, and all persons claiming through them; and (8) the

18   sale of the Ranch would be free and clear of the claims and liens of all persons who

19   received notice of the motion.[8]

20   _____

[8] *See* ECF No. 109.

On June 13, 2016, the Tangwalls filed a Notice of Appeal from the Bankruptcy Court's Order Approving Sale. [ECF No. 115]. On June 20, 2016, the Tangwalls filed a request for an evidentiary hearing, in which they asserted that the bankruptcy court lacked jurisdiction "over the Toni 1 Trust." They also maintained that all "orders, memorandum and judgments entered by [the Bankruptcy] Court should be deemed null and void." [ECF No. 118]. The bankruptcy court denied the motion because it lacked jurisdiction due to the notice of appeal filed on June 13, 2016. [ECF No. 119]

Ms. Bertran and the Tangwalls then moved to stay the execution of the Order Approving Sale. The bankruptcy court denied the motion. Ms. Bertran and the Tangwalls then appealed to the district court, which also denied the motion to stay.

It is clear just from the brief history summarized above that Ms. Bertran and the Tangwalls continue to litigate issues even after they have exhausted all of their lawful remedies. Indeed, Mr. Tangwall made it clear to the court that he plans to continue to litigate issues related to the fraudulent conveyance of the Ranch until "hell freezes over!"[9] Contrary to Mr. Tangwall's assertions, this is *not* the standard allowed by law and due process. Thus, it is the history of frivolous litigation initiated by Mr. Tangwall, and Mr. Tangwall's assurance to the court that he will never stop litigating properly resolved issues that forces the court to find Mr. Tangwall is

---

[9] *See* ECF No. 262.

vexatious and enter an order requiring him to get this court's approval before filing

anymore documents related to this case.

## DISCUSSION

### I. The Court has Authority to Impose Filing Restrictions on Litigants.

Under the All Writs Act, 28 U.S.C. § 1651(a), the court has the authority to

impose filing restrictions, such as a pre-filing order, on abusive litigants. *Ringgold-*

*Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing

*DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). However, because such

orders constrain a litigant's fundamental right of access to the courts, they should

rarely be used, and only if courts comply with certain procedural and substantive

requirements. *Id.* at 1062 (quoting *DeLong*, 912 F.2d at 1147). The court must:

(1) give litigants notice and "an opportunity to oppose the order before it [is]

entered"; (2) compile an adequate record for appellate review, including "a listing of

all the cases and motions that led the [court] to conclude that a vexatious litigant

order was needed"; (3) make substantive findings of frivolousness or harassment;

and (4) tailor the order narrowly so as to "closely fit the specific vice encountered."

*Id.* (quoting *DeLong*, 912 F.2d at 1147-48).

The first two requirements are procedural, while the latter two are substantive,

designed to help the court define "who is, in fact, a 'vexatious litigant' and construct

a remedy that will stop the litigant's abusive behavior while not unduly infringing

the litigant's right to access the courts." *Ringgold-Lockhart*, 761 F.3d at 1062

(quoting *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1058 (9th Cir. 2007)).

### a. Notice and the Opportunity to Oppose.

In this case, the first requirement – notice and an opportunity to oppose – has

been satisfied. Mr. Tangwall was given notice of the hearing and when

Mr. Tangwall expressed concern as to whether notice was proper, the court granted

Mr. Tangwall the continuance he requested.[10] Additionally, pursuant to

Mr. Tangwall's request, Mr. Tangwall was given the opportunity to supplement the

record.

### b. Adequate Record of Cases and Motions.

The second requirement is providing an adequate record for appellate review,

including a listing of the cases and motions that led it to conclude that a vexatious

litigant order is needed. At the very least the record "needs to show … that the

litigant's activities were numerous or abusive." *See Molski* 500 F.3d at 1057,

quoting *De Long*, 912 F.2d at 1147. The court notes that the Trustee's Motion

provides a detailed recitation of the Mr. Tangwall's numerous filings in this

---

[10] At the April 5, 2017, Mr. Tangwall expressed concerns about proper notice (Mr. Tangwall alleged that he only received six days' notice instead of the required seven days). The court offered to grant Mr. Tangwall a continuance until April 14, 2017. Mr. Tangwall agreed that continuing the hearing until April 14 would rectify any due process issues. The court also discussed Mr. Tangwall's assertions that the Trustee's Motion included court documents that were incomplete. The court explained to Mr. Tangwall that he could supplement the record prior to the continued hearing.

bankruptcy case.[11] The Trustee's Motion also describes Mr. Tangwall's conduct in

various other proceedings across the nation and notes that this is not the first time

Mr. Tangwall has abused the judicial system. Indeed, Mr. Tangwall has been

declared to be a vexatious litigant by at least two other courts.[12] It appears there is a

pattern to Mr. Tangwall litigious past. Most of Mr. Tangwall's cases involve

Mr. Tangwall fraudulently conveying assets to other entities [frequently to a trust to

which he is the trustee] and then attempting to protect the fraudulent transfers by

filing countless documents and appeals that lack merit and legal or factual support;

Mr. Tangwall representing trust or corporate entities without a license to practice

law; and Mr. Tangwall raising the ire of the courts because of his frequent and

baseless filings.

Below are several of Mr. Tangwall's many cases.[13]

---

[11] Importantly, Mr. Tangwall did not dispute the accuracy or authenticity of the documents or court decisions attached to the Trustee's Motion.

[12] (1) Michigan federal court in 1992 [Order entered January 6, 1992 in *Borock v. Dalby, et al.*, Case No. 91-CV-76364 DT in the United States District Court for the Eastern District of Michigan, Southern Division; and (2) Montana state court in 2011 [Order entered May 10, 2011 in *Tangwall v. Edwards, et al*., Case CV-11-08 in the Montana Fourteenth Judicial District Court, Musselshell County]. The decisions were attached as exhibits to the Trustee's Motion.

[13] The court does not attempt to list all of the cases in which Mr. Tangwall has participated. Indeed, the court's brief search on his name resulted in 77 case listings. The court notes that documents on file in federal or state courts are proper subjects of judicial notice because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned. *See* Fed. R. Evid. 201(b); *see also O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir.1989). Importantly, some of the older records

- *Borock v. Dalby, et al.*, Case No. 91-cv-76364; 90-71433-DT; Michigan; Adversary action arising out of a 1988 bankruptcy case concerning title to real property. The federal court entered an order enjoining several parties, including Mr. Tangwall, from filing any additional suits relating to that bankruptcy case, or the real property in question.

  o Mr. Tangwall appealed, *Dalby v. Borock*, 976 F.2d 733 (6th Cir. 1992). The Sixth Circuit remanded the attorney fee and sanctions portion of the Order, but affirmed the balance of the Order in all respects.

  o Mr. Tangwall also appealed multiple other decisions; *In re Dalby*, 956 F.2d 268, 1992 WL 36112 (6th Cir. 1992) (unpublished), *cert. denied Tangwall v. Borock*, 506 U.S. 1006 (1992); Consolidated appeal from four separate district court orders affirming bankruptcy court's entry of default judgments in cases filed by a bankruptcy trustee against Tangwall-controlled trusts (WED Family Preservation Trust and others) to avoid fraudulent conveyances.

- *Tangwall (Donald), a/k/a Nilssin (Donald) v. Dougherty*, 1991 WL 408005 (D.N. Mar. 1, 1991); Mariana Islands; Mr. Tangwall, as trustee of WED Family Preservation Trust, sued in Northern Mariana Islands federal district court to

---

and decisions are not available on PACER, however, at the hearing Mr. Tangwall stated that he did not dispute the accuracy or authenticity of the court decisions attached to the Trustee's Motion.

attack the Michigan decision concerning the Michigan real property. The
Mariana Federal Court dismissed the case, finding that Mr. Tangwall failed to
make any connection whatsoever between the defendants and the Northern
Mariana Islands.

- *In re Owners Family Preservation Trust*, 1991 WL 408009 (D.N. Mar. 1, 1991);
  Mariana Islands; Court dismissed Mr. Tangwall's Chapter 11 case, filed by
  Mr. Tangwall as trustee of Owners Family Preservation Trust. The court noted
  that the filing was suggestive of bad faith and vexatious litigation.

- *Tangwall v. Robb*, 2003 WL 23142190 (E.D. Mich., 2003); Mr. Tangwall filed a
  malpractice action against his lawyers in Michigan federal district court. The
  court dismissed the case with prejudice.

- *Tangwall v. Jablonski*, 111 Fed. Appx. 365 (6th Cir. 2004) (unpublished); A
  Tangwall entity ("Tang-Tang Marketing") sued the same defendant as
  Mr. Tangwall, on the same cause of action. The court noted it had serious doubts
  as to whether Tang-Tang Marketing existed as a separate entity from Tangwall
  himself, or that the alleged assignment of rights ever took place.

- *Tangwall v. First State Bank of Princeton*, 1987 WL 16129 (N.D. Ill., 1987);
  Tangwall, as trustee of a trust, sued Princeton Bank and its officers and directors
  personally on a RICO action. The court dismissed the action for failure to state a
  claim, but gave Tangwall 30 days to refile case if trust appeared through an

attorney. The court noted that "a trustee is not a proper pro se plaintiff. A trustee may not properly risk trust assets on his own untutored legal skills. Moreover, pro se plaintiffs place a particular burden on the court as the court must evaluate difficult complaints without any substantial benefits of an advocate. In this action the completely unhelpful response to the motion to dismiss is a case in point." (p. 2).

- o Mr. Tangwall, as trustee of Lazy 'L' Preservation Trust, sued Princeton Bank on same matters that the Trust lost in previous litigation; *Lazy 'L' Family Preservation Trust v. First State Bank of Princeton*, 521 N.E.2d 198 (Ill. App. 2 Dist., 1988). The case was dismissed.

- o *People v. Tangwall*, 526 N.E.2d 649 (Ill. App. 2 Dist., 1988); Mr. Tangwall was convicted of eavesdropping. The court noted that Mr. Tangwall's arguments were, for the most part, incoherent, with numerous citations to cases entirely irrelevant to the issues at hand.

- *Tangwall v. Looby*, 109 Fed. Appx. 12 (6th Cir. 2004); Mr. Tangwall claimed to be a beneficiary of a trust ("BFPT"). Tangwall was removed as trustee for allegedly stealing from BFPT. Nine days later, Mr. Tangwall filed bankruptcy in Tennessee. Mr. Tangwall entered into a global settlement between himself, the bankruptcy trustee, and BFPT. Although Mr. Tangwall willingly entered into the settlement, he then sued the parties to the settlement. The case was dismissed on

grounds of judicial estoppel, with the court noting that Mr. Tangwall was anything but 'frank and fair' in his dealings with the judicial system, that the lawsuit contravened the settlement agreement he signed.

- *Huebner v. Tangwall*, 2006 WL 2238960 (M.D. Tenn. 2006) ("Huebner I"); affirming the finding that Mr. Tangwall fraudulently transferred assets to other entities including a trust.

    o  Mr. Tangwall appealed the decision; *Huebner v. Tangwall*, 2007 WL 2725243 (M.D. Tenn. 2007) [Aug 23, 2007] ("Huebner II") and *Huebner v Tangwall*, 2007 WL 2725244 (M.D. Tenn.) [Sept 17, 2007] ("Huebner III"). The appeals were found to be untimely.

- In Montana, there were more than ten civil lawsuits involving Mr. Tangwall. In the list below, Mr. Tangwall is a plaintiff in 9 out of the 10.

    o  *Tangwall v. Davis*, Cause No. DV-07-90, Fourteenth Judicial Court, Musselshell County

    o  *Tangwall v. Wacker*, Cause No. DV-07-93, Fourteenth Judicial Court, Musselshell County

    o  *Tangwall v. Lekse*, Cause No. DV-08-05, Fourteenth Judicial Court, Musselshell County

    o  *Bertran and Tangwall v, Spears*, Cause No. DV-09-27, Fourteenth Judicial Court, Musselshell County

- o *Tangwall and Bertran v. Byron*, Cause No. DV-10-19, Fourteenth Judicial Court, Musselshell County

- o *Weitzell v. Tangwall*, Cause No. DV-10-62, Fourteenth Judicial Court, Musselshell County

- o *Tangwall v. Roundup Memorial Hospital*, Cause No. ADV-2010-1049, First Judicial Court, Lewis and Clark County

- o *Tangwall v. Edwards*, Cause No. DV-11-08, Fourteenth Judicial Court, Musselshell County

- o *Tangwall v. Olsen*, Cause No. DV-11-09, Fourteenth Judicial Court, Musselshell County

- o *Tangwall v. Spaulding*, Cause No. DV-11-18, Fourteenth Judicial Court, Musselshell County

- *Tangwall v. Spaulding*, Cause No. 1:11-CV-00039-RFC-CSO; United States District Court for the District of Montana; Mr. Tangwall sought to enjoin various Montana state court judges from making any further orders and voiding all of their previous orders as to Mr. Tangwall.

- *Don Tangwall and Margaret Bertran v. William J. Edwards, Larry J. Djernes, Joel Marking, Lance Lundvall, Lon E. Sibley, and John Lapierre*; Case No. DV-11-08; Musselshell County Montana: The court found Mr. Tangwall to be a vexatious litigant.

o The Vexatious Litigant Order described 10 civil lawsuits filed by Tangwall in the Montana courts, and 11 writs filed by Mr. Tangwall in the Montana Supreme Court against officials for the counties of Musselshell County, Lewis & Clark County, Golden Valley County, and the cities of Roundup and Helena.

The court finds the second factor in the vexatious litigant analysis is met based on the record in this court and the above summary of other cases involving Mr. Tangwall.

### c. Substantive Findings of Frivolousness or Harassment.

The third factor requires that the court to examine both the number and content of the filings as indicia of the frivolous nature of the litigant's claims. The record summarized above, as well as the record in this court, demonstrates Mr. Tangwall's voluminous filings. The court finds that Montana State Court Judge David Cybulski succinctly and accurately described Mr. Tangwall's vexatious judicial history. According to Judge Cybulski,

> Mr. Tangwall's . . . history of filing frivolous and patently meritless lawsuits, and demonstrates that he has no intention of refraining from such practices without intervention of the Court. . . .
> Mr. Tangwall's history in other jurisdictions . . . demonstrates that he has a long and storied history of vexatious ligation practice and procedure. He has been notified on numerous occasions that he is not allowed to represent corporate entities or other parties, but he continues to do so. Courts lament his lack of clarity, or his filings' lack of any basis in law or fact, or his bad faith, and yet such

actions continue. In all practicality, the only way to rein in Mr. Tangwall's vexatious litigation is to require that he submit all proposed filings to the Court for approval, and thereby wasting large amounts of the Court's time - time that would be better served on real cases.[14]

Even if the court looks solely to this bankruptcy case, there is ample evidence to support a vexatious litigant order. Mr. Tangwall has made numerous, repetitive and redundant filings that lack a basis in fact or law. Yet, each of Mr. Tangwall's motions were duly heard by this court, and they have required numerous responsive pleadings from the trustee. The court does not dispute that Mr. Tangwall had the right and the ability to seek redress with the courts as to ownership of the Montana Property. However, as noted below, Mr. Tangwall has had his day in court and now, he steadfastly refuses to accept the courts' decisions.

The following is a glimpse of trial cases and appeals that are related to the same issues:

- Case No. F11-00939-HAR

- Adv. No. F14-90016-HAR

- Adv. No. F14-90020-HAR

- Case No. 4:16-cv-00022

- Case No. 4:16-cv-00024

---

[14] *See* ECF No. 230, Ex. B.

- Case No. 4:16-cv-00029-SLG

- Case No. 12-00501-HAR (multiple appeals)

  o Appealed to the U.S. District Court for Alaska, Case No. 4:16-cv-00022-SLG, affirmed the Bankruptcy Court's jurisdiction to enter the Order Approving the Sale of real property in Montana.

    ▪ Appealed by Mr. Tangwall to the Ninth Circuit, No. 17-35334; appeal pending.

  o Appealed to the U.S. District Court for Alaska, Case No. 4:16-cv-00029-SLG; dismissed as untimely.

  o Appealed to the Ninth Circuit; Case No. 14-60011; dismissed for being frivolous.

  o Appealed to the Bankruptcy Appellate Panel; Case No. AK-13-1560

  o Appealed to the Bankruptcy Appellate Panel; Case No. AK-13-1573

- Case No. 14-60010

- Case No. 4:17-cv-00004 TMB

- Case No. 4FA-17-01675 Cl

- Case No. 14-90016

- Case No.14-90019

The above summary leads the court to conclude that Mr. Tangwall has caused needless expense to other parties and has posed an unnecessary burden on the court

and its personnel. The court shares the trustee's concerns that Mr. Tangwall will

continue to burden the bankruptcy estate's resources and the court. The vast majority

of Mr. Tangwall's filings have been meritless. The trustee and his counsel have been

burdened because they have had to respond not only to Mr. Tangwall's motions and

oppositions, but to the complaints Mr. Tangwall has made outside of this bankruptcy

case that attack the trustee's personal reputation and professional capacity.

Additionally, Mr. Tangwall's filings, which primarily sought to reargue matters

previously decided, have resulted in an overabundance of hearings before this court

on issues which are not germane to this bankruptcy. Thus, the court makes a

substantive finding of frivolousness and harassment as to Mr. Tangwall.

### d.  Tailor the Vexatious Order Narrowly.

The fourth and final factor is that the pre-filing order must be narrowly

tailored to the vexatious litigant's wrongful behavior. *See Wood*, 705 F.2d at 1523–

26 (plaintiff restricted from filing new actions paralleling the issues being litigated in

a case and preventing him from re-litigating issues decided in two cases). Narrowly

tailored orders are needed "to prevent infringement on the litigator's right of access

to the courts." *Sires*, 748 F.2d at 51; *see also, Wood*, 705 F.2d at 1525 (if restrictive

orders are "used too freely or couched in overly broad terms, injunctions against

future litigation may block free access to the courts"). In this case, the court finds

that Mr. Tangwall is a vexatious litigant and that the proper order requires

Mr. Tangwall to obtain leave of the court before filing any further documents in this

court other than a notice of appeal of this memorandum decision and the related

vexatious litigant order. The court assures Mr. Tangwall that it will approve for

filing, any complaint, pleading or other document if such document adequately

demonstrates a basis in law, and conforms to the federal and local rules.

Based on the reasons and law set forth above, the court will enter a

contemporaneous order granting the Trustee's Motion.

Additionally, the court will enter an order denying the Tangwall Motion. The

court finds that the jurisdictional issues have already been litigated and decided and

that there are no facts presented to support Mr. Tangwall's claims of an alleged bias

of the court. Indeed, even if there were facts to support this allegation, the time to

present those arguments has long passed.

DATED this 3rd day of May, 2017.

/s/ Frederick P. Corbit
Frederick P. Corbit
United States Bankruptcy Judge

Serve:  Jason Crawford, Esq. (for debtor Margaret Bertran)
        Cabot Christianson, Esq. (for trustee Larry Compton)
        Eric LeRoy, Esq. (for William and Barbara Wacker)
        CBT Farm and Mine, Inc.
        Donald Tangwall
        Barbara Tangwall
        Merton Musser
        Barbara Trust
        Toni 1 Trust
        Trickle Down Trucking, LP
        Trust Protectors of Alaska, LP
        Larry Compton, Trustee
        U.S. Trustee
        Case Manager
        J. Stafford, Clerk of Court